IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLSTATE PROPERTY AND CASUALTY**            **PLAINTIFF**
**INSURANCE COMPANY**

**v.**            **CIVIL ACTION NO. 1:24-cv-110-TBM-RPM**

**JALEN LEVERETTE**            **DEFENDANT**

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This declaratory judgment insurance coverage action is before the Court on Allstate Property and Casualty Insurance Company's Motion for Default Judgment [8] against Defendant Jalen Leverette. Upon review of the Motion, to which no response was filed, the Court finds that Allstate's Motion for Default Judgment should be granted.

### I. BACKGROUND

This action arises out of a personal injury claim asserted against Defendant Jalen Leverette by Greene County Sheriff Deputy, Raleigh Dueitt. On February 1, 2024, deputies from the Greene County Sheriff's Department were dispatched to the residence of Allstate's insured, Collie L. Leverette, to conduct a welfare check. As deputies arrived at the residence, Jalen Leverette fled the scene in a vehicle owned by Collie L. Leverette and insured by Allstate. Deputies pursued Jalen Leverette, who reached speeds in excess of 100 MPH. Deputy Dueitt attempted to deploy spike strips when Jalen Leverette swerved the vehicle he was driving towards Deputy Dueitt. Jalen Leverette struck Deputy Dueitt with the vehicle, which resulted in serious injuries.

The vehicle was insured under an automobile policy with Allstate that was in effect at the time of the incident. Although Deputy Dueitt submitted a claim under the policy, Allstate denied the claim because Jalen Leverette was not an "insured" under the policy. During Allstate's

coverage investigation, it was revealed that Jalen Leverette did not live with the insured, Collie L. Leverette, and did not have permission to use Collie L. Leverette's vehicle at the time of the incident. In fact, it was discovered that Jalen Leverette was charged with the murder of Collie L. Leverette, which allegedly occurred days before the February 1, 2024, incident between Jalen Leverette and Deputy Dueitt.

Following the denial of Deputy Dueitt's claim, Allstate filed a Complaint for Declaratory Judgment [1] on April 8, 2024, seeking a judicial declaration that no coverage existed under the Mississippi Allstate Automobile Insurance Policy relative to Jalen Leverette and the February 1, 2024, incident. Defendant Jalen Leverette was personally served with a copy of the Summons and Complaint on April 15, 2024, and his answer was due on May 6, 2024. [5]. After he failed to file his answer, Allstate filed a Motion for Entry of Default [6]. The Clerk's Entry of Default was filed on June 11, 2024. To date, Jalen Leverette has wholly failed to defend this action.

## II. DISCUSSION AND ANALYSIS

Allstate seeks a declaratory judgment that there is no coverage under the policy at issue in relation to the claims asserted by Deputy Dueitt against Jalen Leverette. Allstate's policy covered an "insured person," meaning the insured themselves, "any resident," and "any other person using [the vehicle] with [the insured's] permission." [1], pg. 6. Allstate asserts that no coverage exists because Jalen Leverette did not reside with the insured, Collie L. Leverette, and did not have permission to use Collie L. Leverette's vehicle. Allstate asks the Court to enter a default judgment declaring there is no coverage for the underlying litigation because Jalen Leverette has failed to defend this action.

Rule 55 of the Federal Rules of Civil Procedure authorizes this Court to enter a default judgment where a defendant fails to plead or otherwise defend itself. FED. R. CIV. P. 55(b). The Fifth Circuit and other courts in this District have recognized the applicability of this Rule to declaratory judgments, including where an insurer requests a declaratory judgment regarding its duties under an insurance policy. *SUA Ins. Co. v. Buras*, No. 10-60663, 421 Fed. App'x. 384, 2011 WL 1304884 at *2 (5th Cir. Apr. 6, 2011) (non-precedential opinion holding that an insured forfeited his right to argue that the insurer had a duty to defend and indemnify him when he failed to answer the insurer's complaint); *see, e.g., Progressive Gulf Ins. Co. v. Reed*, No. 3:14-cv-400-CWR, 2014 WL 11515599 (S.D. Miss. Dec. 1, 2014); *Allstate Ins. Co. v. Hill*, No. 1:11-cv-156-LG, 2011 WL 2693970 (S.D. Miss. Jul. 11, 2011); *see also Progressive Gulf Ins. Co. v. Tallaha Loggers, Inc.*, No. 2:05-cv-39-KS, 2006 WL 839470 (N.D. Miss. Mar. 28, 2006).

Based on Jalen Leverette's failure to "plead or otherwise defend" the Complaint filed by Allstate for a declaratory judgment, and based on Jalen Leverette's failure to respond to the subject Motion for Default Judgment, the Court finds that a declaratory judgment should be entered against him, in favor of Allstate, declaring that no coverage existed under the Allstate policy that existed between Allstate and its named insured, Collie L. Leverette, relative to the personal injury claim asserted against Jalen Leverette by Deputy Dueitt arising from the February 1, 2024, incident.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Allstate Property and Casualty Insurance Company's Motion for Default Judgment [8] against Defendant Jalen Leverette is GRANTED. Allstate Property and Casualty Insurance Company is entitled to a declaratory

judgment that no coverage existed under the Allstate policy that existed between Allstate and its named insured, Collie L. Leverette, relative to the personal injury claim asserted against Jalen Leverette by Deputy Dueitt arising from the February 1, 2024, incident. A separate judgment will be entered.

This, the 7th day of August, 2024.

                                              TAYLOR B. McNEEL
                                              UNITED STATES DISTRICT JUDGE